**In re PERMANENT SURFACE MINING REGULATION LITIGATION (II).**

Civ. A. No. 79–1144.

United States District Court, District of Columbia.

Oct. 28, 1983.

---

Alfred T. Ghiorzi, Gen. Litigation Section, U.S. Dept. of Justice, Milo Mason, Div. of Surface Mining, U.S. Dept. of Interior, Washington, D.C., for defendants.

Terence L. Thatcher, Jonathan Lash, L. Thomas Galloway, Warner W. Gardner, I. Michael Greenberger, Nancy J. Bregstein, Andrew H. Marks, Michael J. Henke, Roger H. Trangsrud, John A. Macleod, Richard McMillan, Jr., David R. Case, Thomas C. Means, Fred S. Souk, Norman L. Dean, Jr., Hope Babcock, Mark Squillace, Thomas H. Altmeyer, James T. Hemphill, Richard Flye, Christian Volz, Francis J. McShalley and Craig W. Holvey, Washington, D.C., Harvey M. Sheldon, Chicago, Ill., Roger L. Chaffe, Richmond, Va., Steve Friedman, Philadelphia, Pa., Guy Neville, Houston, Tex., Thomas Fitzgerald, Lexington, Ky., for plaintiffs.

## MEMORANDUM

FLANNERY, District Judge.

This comes before the court on the motion of the Mining and Reclamation Council of America ("MARC") to intervene in this case. MARC seeks to intervene as a plaintiff, challenging some of the proposed regulations, and as a defendant, supporting other proposed regulations. The government defendants do not object to MARC's intervention as a defendant, but argue that its motion to intervene as a plaintiff is untimely. For the reasons stated below, this court will allow MARC to intervene as defendants, but not as plaintiffs.

*Facts*

This litigation involves the regulatory revision undertaken by the United States Department of the Interior ("DOI") under the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.* ("the Act"). All challenges to these regulations have been consolidated into a single action, and this court, by a July 11, 1983, order established a briefing schedule comprised of three "rounds". This court has received challenges from both environmental and coal industry entities. In general, the complaints allege that DOI was arbitrary and capricious in promulgating the regulations, and therefore, violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.,* as well as the Surface Mining Act.

MARC is a national trade organization representing the surface coal mining industry. MARC represents more than 3,000 coal operators and industry suppliers nationwide. Its corporate membership is comprised, primarily, of small operators. Due to its positions with regard to different regulations, MARC is attempting to intervene as a plaintiff with regard to some issues, and as a defendant with regard to others. Neither the government nor the Citizen and Environmental Organizations object to the intervention of MARC as defendants, although the latter groups would have this court attach conditions to that intervention. The government argues, however, that MARC's motion to intervene as a plaintiff is untimely.

*Discussion*

I. Intervention as a Plaintiff.

■ This court's jurisdiction rests on the section of the Act which provides for exclusive review of national regulations in the District Court for the District of Columbia. 30 U.S.C. § 1276(a)(1). That section also places a time limit on challenges to these regulations. It states:

A petition for review of any action subject to judicial review under this subsection shall be filed in the appropriate Court within sixty days from the date of such action, or after such date if the petition is based solely on grounds arising after the sixtieth day.

*Id.* The language of the statute is clear: any challenge to a regulation must be filed within sixty days of the promulgation of the regulation. MARC has not satisfied this "statute of limitations," [1] and thus, its claims challenging the regulations will not be heard.

MARC asserts that as long as a suit has been filed within the sixty day period, any party can intervene with challenges, so long as the requirements of Rule 24(a) are satisfied. Initially, the statute does not state that "no suit shall be instigated" after sixty days. On the contrary, the statute is worded much more broadly, in terms of a "petition for review." Furthermore, this motion to intervene is not timely under Rule 24(a). Timeliness is to be determined by the court in the exercise of its sound discretion. *NAACP v. New York,* 413 U.S. 345, 365, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). This is an extremely complex case with many regulations being challenged by many parties. This court has attempted to organize this litigation through its order dated July 11, 1983, establishing a schedule of three rounds of briefing on dispositive motions. This schedule states that plaintiffs were to file their dispositive motions against the regulations considered in Round I no later than August 15, 1983. MARC's motion to intervene was not ripe for disposition until over two weeks after that date. MARC did not file its motion to intervene early enough to comply with this court's order, and therefore, it cannot be deemed timely. Furthermore, this court believes that MARC's interests will be well represented by the other plaintiffs in this case.

II. Intervention as a Defendant.

■ MARC does not face the same timeliness problems as a defendant as it does as a plaintiff. The Act places no time limit on answers to petitions for review. Furthermore, MARC did file its motion in time for it to comply with the schedule for defendants' briefing established by this court.

Because the time established by this court's original order for the briefing on the regulations in Round I has passed, any additional pleadings must be submitted in an expedited manner. Therefore, MARC shall file its opposition memorandum and/or cross-motion for summary judgment by November 4, 1983, and plaintiffs' reply shall be filed no later than November 11, 1983.

---

1. *See* Complaint of Intervenor Mining and Reclamation Council of America for Declaratory and Injunctive Relief, and Petition for Review at 4, 5. MARC seeks to challenge regulations published May 5, and 12, 1983.